## AS TO AUTHORITY TO MAKE CONTRACT FOR SALE OF APPLES.

Circuit Court of Hamilton County.

ANDREW G. NORMAN v. WILLIAM H. PLUMB.

Decided, January 29, 1910.

*Agency—Contracts—Book Accounts—Determination by Jury will not be Set Aside, When—Section 5086.*

1. The objection that cash items alone can not, without special authority, be the subject of a book account is not well taken, where the action is on a contract and there is an averment in the petition that the indebtedness arose "for money laid out and expended and commissions in the purchase and sale of goods by the plaintiff for the defendant at his request."

2. Where neither party to an action on an account has kept his books in such a way as to strenghten his oral testimony, but the plaintiff seems to have been a fair and candid witness, the finding of the jury in his favor will not be disturbed.

*Burch & Johnson,* for plaintiff in error.
*Kelley & Hauck,* contra.

GIFFEN, P. J.; SMITH, J., and SWING, J., concur.

The petition in this case was not intended as a short form of pleading under Section 5086, Revised Statutes, but contains an averment of the contract upon which the indebtedness arose, to-wit, "for money laid out and expended and commissions in the purchase and sale of goods by plaintiff"; and the objection that cash items alone can not, without special authority, be the subject of a book account is not well taken.

The chief question in the case is whether one Eckenroth was authorized, as agent of defendant, to make the contract with plaintiff. The defendant admits that he was authorized to employ plaintiff at $2.50 per day to buy apples for the defendant. This limitation upon the authority of the agent was not disclosed to the plaintiff, and his apparent authority was general so far as it related to terms of employment in buying apples through plaintiff in the state of New York and shipping them to defendant in Cincinnati. The evidence shows that by the terms of the contract made with the agent plaintiff was to receive ten cents per barrel, not merely for handling the apples, but as a factor, because the apples were purchased from a large number of farmers by the plaintiff on his own account, although the money was from time to time furnished by the defendant.

The defendant claims that he paid for about 1,000 barrels of apples more than he received; but he offered no book account or other evidence to support the claim. Neither party kept his books or accounts in such a way as would add to and strenghten his oral statement, but the jury having found in favor of the plaintiff we are not disposed to set the verdict aside upon the ground that it is not sustained by sufficient evidence, especially as the plaintiff seems to have been a fair and candid witness.

The letter marked ''Exhibit 12'' related to the condition of the apples, the number of barrels sold and the price, all at Cincinnati, and had no relation to the terms of the contract made in New York.   Even if incompetent, there was no prejudice.

The letter marked ''Exhibit 22,'' offered as a standard of comparison with the signature of Eckenroth to the letter ''Exhibit 12,'' was neither admitted nor clearly proved to be a genuine letter and signature, and hence the court did not err in excluding it.

Special instruction No. 14 was properly refused because one of the letters written by defendant to plaintiff contained the following:

''We judge by your message that we can do business with you either on joint account or buy from you or *rather through* you. We will send man on the train tomorrow noon—any way you arrange with him will be satisfactory to us.''

This shows not only that Eckenroth, the ''man'' referred to, was authorized to make the contract; but that the defendant expected to buy not directly from but through the plaintiff from any New York farmers having suitable apples.

That part of the general charge objected to is not as clear as it should be, but we think the jury was not thereby misled to the prejudice of the defendant.

The judgment will be affirmed.